# Boyle *versus* Horner.

1. Although an affidavit of defence, in which a portion of the amount claimed is admitted to be due, be filed before the return day of the summons, the plaintiff cannot, under the rules of the courts of Common Pleas of Allegheny county, take judgment for the amount so admitted to be due, until after the return day.

2. Rules 9 and 11 of said court rules are in pari materia, parts of a general system of practice, and must be construed together. The right of the plaintiff under Rule 11 to take judgment for the part of his claim admitted to be due, must depend upon the state of the record at the expiration of the time allowed by Rule 9 for the defendant to file his affidavit of defence. The defendant, by filing such affidavit in advance, does not waive his right to the full time allowed therefor.

October 24th 1883. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT and CLARK, JJ. GREEN, J., absent.

ERROR to the Court of Common Pleas No. 2 of *Allegheny county :* Of October and November Terms 1883, No. 2.

Assumpsit, by James Horner against Z. and J. Boyle, to recover the amount of a promissory note for $400.

The summons issued September 12th 1882, returnable the first Monday of October (Oct. 2d) 1882. On September 21st 1882, the defendants filed an affidavit of defence, claiming a set-off against the plaintiff's demand of $124.67, and not denying the debt as to the balance of his claim, to wit, the sum of $275.33. The plaintiff's counsel, having been duly notified of the filing of said affidavit, on September 26th 1882, caused judgment to be entered against the defendants for $275.33, the amount admitted to be due by defendants in the affidavit of defence, the plaintiff electing to proceed for the balance of his claim. On the same day, he caused to be issued a testatum fi. fa. on said judgment directed to the sheriff of Washington county.

On the following day, the defendants obtained a rule to show cause why said judgment and execution should not be set aside, as prematurely entered, which rule the court, after argument, in an opinion by WHITE, J. (KIRKPATRICK, J., dissenting), discharged.

The rules of court relating to the subject, are quoted in the opinion of this court.

The defendants took this writ of error, assigning for error, the entry of judgment before the return day of the writ, and the refusal of the court to set aside the execution and strike off said judgment.

[Boyle *v.* Horner.]

*William Reardon*, for the plaintiffs in error.

*Thomas M. McFarland*, for the defendant in error.

Mr. Justice Sterrett delivered the opinion of the court, November 5th 1883.

The judgment, having been entered before return day of the summons, was premature and cannot be sustained. Rule 11, under which it was taken, provides that " in all cases where an affidavit of defence is required by these rules, it shall state whether the defence is to the whole or to only a part of the plaintiff's claim, and if only to a part, it shall state to what part, and in such case the plaintiff may proceed to trial for his whole claim, or at his option take judgment for the part not denied, or admitted by defendant, which shall be final for the purposes of lien and execution, but shall not be a bar to the recovery of the rest of his claim, provided, he shall state in his præcipe for said judgment that he declines to accept the same in full satisfaction of his claim, and elects to proceed for the balance," etc. The rule is silent as to when the judgment may be taken, whether before or after the return day, and we naturally turn to kindred affidavit of defence rules and inquire whether they provide when judgments in default of an affidavit of defence may be taken. We accordingly find Rule 9 provides that the plaintiff, having filed an affidavit of claim, etc. as thereby required, shall be entitled to judgment " *at any time after return day and ten days' service of the writ*, unless the defendant, or some one for him, shall file an affidavit of defence," etc. These rules are in pari materia, parts of a general system of practice and must be construed together. When so construed, Rule 9 answers the inquiry suggested by the silence of Rule 11, and virtually says, judgments for the amount admitted to be due, or not denied by defendant, may be taken " at any time after the return day and ten days' service of the writ," and not before.

Aside from this, it would be unreasonable to hold otherwise. The defendant is allowed at least ten days after service of summons, and until return day, inclusive, to appear and make defence. If he voluntarily appears before the time and files an affidavit of defence, he is not thereby precluded from amending or supplementing the same within the time allowed him by law and rules of court. The right of plaintiff to judgment by default, under either of the rules referred to, must depend on the state of the record at the expiration of the time within which defendant is required to appear and present his defence. He may, if he choses, appear and file an affidavit

[Smith's Appeal.]

on the day he is served with the summons, but he does not thereby waive his right to the full time allowed for appearing and perfecting his defence. The entry of judgment before return day was an unwarranted interference with the rights of the plaintiffs in error and hence it must be set aside.

> Judgment reversed and set aside and procedendo awarded.